### COMMONWEALTH *vs.* MICHAEL BURKE.

In this commonwealth, since the Gen. Sts. *c.* 131, § 12, as before, a witness cannot be examined as to his religious belief, either upon the *voir dire* or upon cross-examination.

INDICTMENT on *St.* 1855, *c.* 215, for unlawfully selling intoxicating liquors. At the trial in the superior court, a witness called in behalf of the Commonwealth, on being asked whether he was a Catholic, answered that he had no religion. The counsel for the defendant thereupon objected to the swearing of the witness; but *Vose,* J. directed the witness to be sworn, declined to grant a request of the counsel that the witness might be sworn upon his *voir dire* and examined as to his religious belief, and refused to allow the counsel to examine the witness in regard to his religious belief, after he had been sworn in chief. The defendant being convicted, alleged exceptions.

*E. W. Bond,* for the defendant.

*S. H. Phillips,* (Attorney General,) for the Commonwealth.

BIGELOW, C. J. Any inquiry into the religious belief of the witness, either on the *voir dire* or upon cross-examination, was unauthorized and irregular, and was rightly disallowed by the court. *Commonwealth* v. *Smith,* 2 Gray, 516. The rule of the common law on this point is not changed by Gen. Sts. *c.* 131, § 12. The purpose and effect of this provision were to render persons who were disbelievers in any religion competent witnesses, and to cause their disbelief to be proved only to affect their credibility. The mode of showing the want of religious belief in a witness remains unaltered. *Exceptions overruled.*